AO 472  (Rev. 11/16)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the

Southern District of Georgia

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Amber Moody | ) | Case No.   4:24mj1 |
| *Defendant* | ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted.  This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:
   ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
      ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C.
         § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
      ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
      ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the
         Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act
         (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
      ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs
         (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses
         described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal
         jurisdiction had existed, or a combination of such offenses; **or**
      ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
         **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
         **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
   ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C.
      § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise
      to Federal jurisdiction had existed; **and**
   ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was
      committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
   ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the
      defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☑ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

- ☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);
- ☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;
- ☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
- ☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**
- ☑ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

☑ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

- ☐ Weight of evidence against the defendant is strong
- ☑ Subject to lengthy period of incarceration if convicted
- ☐ Prior criminal history
- ☐ Participation in criminal activity while on probation, parole, or supervision
- ☐ History of violence or use of weapons
- ☐ History of alcohol or substance abuse
- ☑ Lack of stable employment
- ☑ Lack of stable residence
- ☑ Lack of financially responsible sureties

☑ Lack of significant community or family ties to this district
❒ Significant family or other ties outside the United States
❒ Lack of legal status in the United States
❒ Subject to removal or deportation after serving any period of incarceration
❒ Prior failure to appear in court as ordered
❒ Prior attempt(s) to evade law enforcement
❒ Use of alias(es) or false documents
❒ Background information unknown or unverified
❒ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

The defendant, Ms. Moody, is accused of conspiring to produce child pornography involving her as-of-then-yet-to-born child.  The government provided excerpts of text messages between Ms. Moody and her co-conspirator reflecting specific proposed sexual acts and the defendants' intention to film and potentially publish those acts in an online forum.  The Court is concerned that this demonstrates Ms. Moody's propensity to endanger minor children -- including her own offspring.  Additionally there was evidence that Ms. Moody has expressed suicidal ideations both in the remote past and more recently (in response to these charges).  The Court is concerned with its ability to craft a set of conditions which would ensure Ms. Moody's own safety as well as the safety of others.

While the Court was persuaded that Ms. Moody was likely not a flight risk, that was attributable more to her lack of resources to flee than any positive evidence of reassuring community ties. In fact, the information provided at the hearing suggests that Ms. Moody lacks a stable residence and a stable network of friends and family that would have permitted the Court to effectively implement all of the mandatory conditions required by 18 U.S.C. § 3142(c) in a case of this type.  Moreover, the Court was presented with no appropriate custodian or surety who might have been able to assist in taking responsibility for Ms. Moody while she awaited her appearance in the Eastern District of Tennessee.  She was simply not a candidate for a release on bond.  Detention is the correct result.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 01/05/2024

*[Signature: Christopher L. Ray]*
United States Magistrate Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:23-CR-130 |
| | ) | JUDGES Varlan/Poplin |
| AMBER MOODY | ) | |

## UNSEALING ORDER

Upon Motion of the United States Attorney and it appearing that the reasons for sealing the Indictment in this matter no longer exist, it is hereby ORDERED that the Clerk unseal the Indictment heretofore filed in this case.

ENTER this 4th day of January 2024.

_____
Debra C. Poplin
United States Magistrate Judge

Presented for Entry:

FRANCIS M. HAMILTON III
UNITED STATES ATTORNEY

By: *s/Jennifer Kolman*
Jennifer Kolman
Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

**CLERK'S MINUTES**

| | |
|---|---|
| **CASE NO.:** 4:24mj1 | **DATE:** January 5, 2024 |
| **UNITED STATES OF AMERICA** | **TIME:** 1:09 - 1:58 p.m. |
| v. | **LOCATION:** SAVANNAH |
| **AMBER MOODY** | |

| | |
|---|---|
| **Judge:** Christopher L. Ray, US Magistrate Judge | **Courtroom Deputy:** Molly Davenport |
| **Court Reporter:** FTR SAV-CR2 | **Interpreter/Law Clerk:** |
| **Probation Officer:** Brian Tillack | **Security:** CSO Bryan/USMS Mike |
| **Attorney(s) for Government:** Makeia Jonese | |
| **Attorney(s) for Defendant:** Laura Hastay | |

**PROCEEDINGS:** INITIAL APPEARANCE - RULE 5

    **CHARGING DISTRICT:** EASTERN DISTRICT OF TENNESSEE

    **CASE NUMBER:** 3:23cr130-TAV-DCP

- [✓] Defendant advised of charges and penalties
- [✓] Defendant qualifies for court appointed counsel
- [ ] Defendant waives preliminary hearing
- [✓] Defendant waives identity hearing
- [ ] Preliminary hearing set for:
- [✓] Government moves for detention:
  - [ ] Defendant waives detention hearing in the Southern District of Georgia
  - [ ] Defendant requests 5 days to prepare for detention hearing
  - [ ] Government requests 3 days to prepare for detention hearing
  - [ ] Detention hearing scheduled for:
  - [✓] Detention hearing held.
- [ ] Defendant released on an Appearance Bond
  - [ ] Defendant is ordered to appear at the charging district on:
- [ ] Defendant detained pending a detention hearing
- [✓] Defendant remanded to the custody of the US Marshal for transport back to: Eastern District of Tennessee

**ADDITIONAL COMMENTS:**

AO 466A (Rev. 12/17) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
for the

Southern District of Georgia

| | | |
|---|---|---|
| United States of America<br>v.<br><br>Amber Moody<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>) | Case No.  4:24-mj-1-CLR<br><br>Charging District's Case No.  3:23-cr-130-TAV-DCP |

## WAIVER OF RULE 5 & 5.1 HEARINGS
(Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)*  Eastern District of Tennessee, Knoxville Division.

I have been informed of the charges and of my rights to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2) an identity hearing to determine whether I am the person named in the charges;

(3) production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4) a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5) a hearing on any motion by the government for detention;

(6) request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☒ an identity hearing and production of the warrant.

☐ a preliminary hearing.

☐ a detention hearing.

☐ an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary or detention hearing to which I may be entitled in this district. I request that my ☐ preliminary hearing and/or ☐ detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: Jan. 5 2024

*Amber Moody*
*Defendant's signature*

*[signature]*
*Signature of defendant's attorney*

LAURA G. HASTAY
*Printed name of defendant's attorney*

```
MIME-Version:1.0
From:efile_support@gas.uscourts.gov
To:efile_information@gas.uscourts.gov
Bcc:
--Case Participants: Magistrate Judge Christopher L. Ray (chris_ray@gas.uscourts.gov,
efile_clr@gas.uscourts.gov, matthew_traut@gas.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:4272676@gas.uscourts.gov
Subject:Activity in Case 24-1 Sealed v. Sealed (Redacted Notice)
Content-Type: text/html
```

# U.S. District Court

## Southern District of Georgia

### Notice of Electronic Filing

The following transaction was entered on 1/2/2024 at 2:04 PM EST and filed on 1/2/2024

| | |
|---|---|
| **Case Name:** | USA v. SEALED |
| **Case Number:** | 4:24–mj–00001–CLR *SEALED* |
| **Filer:** | |
| **Document Number:** | 3(No document attached) |

**Docket Text:**
 **TEXT ONLY NOTICE OF HEARING as to Amber Moody. Initial Appearance – Rule 40 set for 1/5/2024 01:00 PM in Savannah District Court 8 Southern Oaks Court, Courtroom Two, Savannah, GA before Magistrate Judge Christopher L. Ray. (MD)**


**4:24–mj–00001–CLR *SEALED*–1 No electronic public notice will be sent because the case/entry is sealed.**

```
MIME-Version:1.0
From:efile_support@gas.uscourts.gov
To:efile_information@gas.uscourts.gov
Bcc:
--Case Participants: Magistrate Judge Christopher L. Ray (chris_ray@gas.uscourts.gov,
efile_clr@gas.uscourts.gov, matthew_traut@gas.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:4272674@gas.uscourts.gov
Subject:Activity in Case 24-1 Sealed v. Sealed (Redacted Notice)
Content-Type: text/html
```

# U.S. District Court

## Southern District of Georgia

### Notice of Electronic Filing

The following transaction was entered on 1/2/2024 at 2:02 PM EST and filed on 1/2/2024

| | |
|---|---|
| **Case Name:** | USA v. SEALED |
| **Case Number:** | 4:24−mj−00001−CLR *SEALED* |
| **Filer:** | |
| **Document Number:** | 2(No document attached) |

**Docket Text:**
**CJA 20 – TEXT ORDER for Appointment of Attorney: Appointment of Attorney Laura G. Hastay for Amber Moody. Signed by Magistrate Judge Christopher L. Ray on 1/2/2024. (MD)**

**4:24−mj−00001−CLR *SEALED*−1 No electronic public notice will be sent because the case/entry is sealed.**

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of Tennessee

RECEIVED BY: HW
DATE: 12·21·23   TIME: 1050
U.S. MARSHAL E/TN
KNOXVILLE, TN

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 3:23-CR-130 |
| AMBER MOODY | ) | |
| | ) | SEALED |
| Defendant | ) | |

## ARREST WARRANT

To:   Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*   Amber Moody                                                                                                  ,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment  ☐ Superseding Indictment  ☐ Information  ☐ Superseding Information  ☐ Complaint
☐ Probation Violation Petition  ☐ Supervised Release Violation Petition  ☐ Violation Notice  ☐ Order of the Court

This offense is briefly described as follows:

   18 U.S.C. § 2251(a) and (e) - Conspiracy to Produce Child Pornography

Date:   12/20/23

_____
Issuing officer's signature
U.S. Magistrate Judge
Printed name and title
LEANNA R. WILSON, CLERK

City and state:   Knoxville TN

### Return

| This warrant was received on *(date)* 12/20/23, and the person was arrested on *(date)* 01/02/24 at *(city and state)* MCINTOSH GA. |
|---|
| Date: 01/02/24         _____ Arresting officer's signature |
| JAMES F. TURNER   DEPUTY  Printed name and title |

FID: 11625950
24741-1221-0210-J

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

FILED
2023 DEC 20 PM 2:58
US DISTRICT COURT
EASTERN DIST. TENN.

UNITED STATES OF AMERICA )
) No. 3:23-CR- 130
v. )
) JUDGES Varlan/Poplin
JASON ANDREW HENDRICKSON, )
& AMBER MOODY )

Southern District of Georgia
Case No. 4:24mj1-CLR

INDICTMENT

COUNT ONE
(PRODUCTION OF CHILD PORNOGRAPHY)

On or about December 11, 2022 through February 6, 2023, within the Eastern District of Tennessee, defendant, **JASON ANDREW HENDRICKSON** did knowingly employ, use, persuade, induce, entice, and coerce minor victim 1, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct that the defendant knew or had reason to know that the visual depiction was going to be transported in interstate or foreign commerce by any means including by computer, in violation of Title 18, United States Code, Sections 2251(a) and (e).

COUNT TWO
(ENTICEMENT)

The Grand Jury charges that from on or about December 11, 2022 through February 6, 2023, within the Eastern District of Tennessee, defendant **JASON ANDREW HENDRICKSON**, using a facility or means of interstate and foreign commerce, did knowingly attempt to persuade, induce, and entice an individual who had not attained the age of 18 years, to engage in sexual activity for which any person can be charged with a criminal offense, to wit, Tennessee Code Annotated Section 39-13-506(c) (Aggravated Statutory Rape), which prohibits the unlawful sexual penetration of a victim by the defendant, or of the defendant by the victim

1

when the victim is at least thirteen (13) but less than eighteen (18) years of age and the defendant is at least ten (10) years older than the victim, in violation of Title 18, United States Code, Section 2422(b).

## COUNT THREE
### (RECEIPT OF CHILD PORNOGRAPHY)

The Grand Jury charges that on or about February 4, 2023, within the Eastern District of Tennessee, defendant **JASON ANDREW HENDRICKSON** did knowingly receive child pornography, as defined in Title 18, United States Code, Section 2256(8), that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Section 2252A(a)(2).

## COUNT FOUR
### (POSSESSION OF CHILD PORNOGRAPHY)

The Grand Jury further charges that on or about February 8, 2023, within the Eastern District of Tennessee, defendant **JASON ANDREW HENDRICKSON** did knowingly possess material which contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8), that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

## COUNT FIVE
### (CONSPIRACY TO PRODUCE CHILD PORNOGRAPHY)

On or about December 24, 2022 through January 26, 2023, within the Eastern District of Tennessee and elsewhere, defendant, **JASON ANDREW HENDRICKSON and AMBER MOODY** did conspire with each other, to knowingly employ, use, persuade, induce, entice, and coerce minor victim 2, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct that the defendants knew or had reason to know that the visual

2

depiction was going to be transported in interstate or foreign commerce by any means including by computer, in violation of Title 18, United States Code, Sections 2251(a) and (e).

A TRUE BILL:

███████████
GRAND JURY FOREPERSON

FRANCIS HAMILTON III
United States Attorney

By: *[signature]*
JENNIFER KOLMAN
Assistant United States Attorney

3